UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON THOMAS MILLS, | ) |
| Movant, | ) |
| vs. | ) Case No: 4:16CV739 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 6]. The United States has responded to the Motion, pursuant to the Court's Case Management Order. For the reasons set forth below, the Motion will be denied, without a hearing.

## BACKGROUND

On June 17, 2015, a Grand Jury in the Eastern District of Missouri, returned a four-count indictment against Petitioner, charging him with two counts of being a felon in possession of a firearm on June 22, 2014 and July 12, 2014 in violation of 18 U.S.C. § 922(g)(1), one count of Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). (Case Number 4:15CR288 HEA).

Pursuant to a plea agreement, Petitioner pleaded guilty to counts one and two of the Indictment. The Government agreed to dismiss counts three and four at sentencing.

Petitioner was sentenced on December 9, 2015. The Court found Petitioner to be an armed career criminal on each count under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Petitioner was sentenced to a total term of imprisonment of 180 months: 180 months each on Counts one and two, to be served concurrently. Petitioner did not appeal his conviction or sentence.

The predicate convictions listed in the enhancement were: a prior conviction for manufacturing a controlled substance, a prior conviction for unlawful use of a weapon-exhibiting, and a prior conviction for assault second degree, wherein Petitioner attempted to cause physical injury to a law enforcement officer by means of a dangerous instrument.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir.

2011)(internal citations omitted). To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); *Hill v. United States*, 368 U.S. 424, 428-29, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## **RIGHT TO AN EVIDENTIARY HEARING**

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## **DISCUSSION**

**Johnson Claim**

In his § 2255 Petition, Petitioner contends he was improperly classified as a career offender based upon a retroactive application of *Johnson v. U.S*, 576 U.S. __, 135 S. Ct. 2551 (2015). Petitioner argues he was improperly classified as a career offender and the holding in *Johnson* mandates this Court resentence him without finding him to be a career offender.

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA"; 18 U.S.C. § 924(e)) residual clause was unconstitutionally vague and "thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants." *Beckles v. United States*, __U.S.__, 137 S. Ct. 886, 892 (2017); *Johnson*, __U.S. __, 135 S. Ct. 2551, 2563 ("imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process").[1]

As Respondent correctly argues, Petitioner has the requisite three predicate offenses to satisfy the ACCA. Petitioner has a prior conviction for manufacturing a controlled substance, which qualifies as a serious drug offense.

As to the unlawful use of a weapon offense,[2] the Eighth Circuit Court of Appeals has plainly held that

> Missouri's crime of unlawful use of a weapon meets the statutory definition of violent felony in § 924(e)(2)(B)(i), because it involves the use, attempted

---

[1] The ACCA defines "violent felony" as follows:

"any crime punishable by imprisonment for a term exceeding one year … that—

　　"(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
　　"(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." § 924(e)(2)(B) (emphasis added).

　　The closing words of this definition, italicized above, have come to be known as the ACCA's residual clause. *Johnson*, 135 S. Ct. at 2555–56.

[2] Under Missouri law a person commits the crime of unlawful use of a weapon if he knowingly "[e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." Mo. Rev. Stat. § 571.030.1(4).

5

use, or threatened use of physical force against the person of another." *Pulliam,* 566 F.3d at 788 (quotation omitted). "It goes without saying that displaying an operational weapon before another in an angry or threatening manner qualifies as threatened use of physical force against another person." [*United States v. Pulliam,* 566 F.3d 784, 788 (8th Cir. 2009)].

*United States v. Pryor*, 927 F.3d 1042, 1044 (8th Cir. 2019). Petitioner's conviction for Unlawful Use of a Weapon is a predicate offense.

Finally, Petitioner's conviction for assault second degree also satisfies the ACCA. In *United States v. Alexander*, 809 F.3d 1029 (8th Cir. 2016), the Eighth Circuit unequivocally held that a conviction under the statutory subsection under which Petitioner was convicted qualified as an ACCA predicate "violent felony." In reaching this conclusion, the *Alexander* Court examined a charging document containing language virtually identical to Petitioner's prior conviction. There, the charging instrument at issue stated that the defendant "attempted to cause physical injury to [victim] by means of a dangerous instrument." *Id*. at 1032. The *Alexander* Court determined that the language of the Information tracked the language of Mo. Rev. Stat. § 565.060.1(2), which proscribes "attempts to cause ... physical injury to another person by means of a deadly weapon or dangerous instrument." The *Alexander* Court held that a conviction under this subsection qualifies as an ACCA predicate violent felony because it necessarily involves the "attempted use" of physical force against another. *Id*.

In so holding, the Alexander Court rejected the defendant's contention that Missouri's attempt statute was over-inclusive. The Court found that the Missouri "attempt statute requires only a showing that [a] defendant's purpose was to commit the underlying offense and that defendant took a substantial step toward its commission." *Id*. at 1033 (quoting *State v. Faruqi*, 344 S.W.3d 193, 202 (Mo banc 2011)). Accordingly, the *Alexander* Court held that an attempted second-degree assault under Mo. Rev. Stat. § 565.060 requires the "attempted use ... of physical force" and therefore meets the standard set forth in the force clause at 18 U.S.C. § 924(e)(2)(B)(i).

**Ineffective Assistance of Counsel**

To prove ineffective assistance of counsel, a defendant must demonstrate both that his attorney's performance "fell below an objective standard of reasonableness" and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. To demonstrate prejudice in the guilty plea context, "the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Frausto*, 754 F.3d 640, 643 (8th Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "A reasonable probability is a probability

sufficient to undermine confidence in the outcome" or "a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.* (quoting *Cullen v. Pinholster*, 563 U.S. 170 (2011)). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1967 (2017). Instead, "[j]udges should ... look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*

Petitioner claims that counsel was ineffective for "convince[ing him] that [his] points were much higher than they actually were." Petitioner does not articulate what he means by this statement. The Court assumes that Petitioner is referring to his criminal history points. Even with this assumption, the Court can find no prejudice to Petitioner because he fails to explain how any alleged misrepresentation regarding Petitioner's criminal history points had any effect on his conviction and sentence.

Similarly, Petitioner's unsupported claim that counsel was ineffective because he would not take Petitioner's calls or answer his letters fails to establish any prejudice caused by the lack of responses by counsel.

Likewise, Petitioner fails to support his claim that counsel wouldn't "do things [he] asked such as getting in touch with witnesses." This mere statement fails to establish, even assuming the truth thereof, how he was prejudiced by

8

counsel's alleged shortcomings. Nowhere within the Motion does Petitioner identify any witnesses counsel did not contact nor does he identify the nature and scope of any testimony these witnesses would have provided.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief. Petitioner's Motion to Vacate his Sentence will be denied.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence and the Supplement thereto, [Doc. Nos. 1 and 6], are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 23rd day of July, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE